MONTANA AIR NATIONAL GUARD, Department of Defense, and Departments of the Army and Air Force National Guard Bureau, Petitioners/Cross-Respondents,

v.

FEDERAL LABOR RELATIONS AUTHORITY,
Respondent/Cross-Petitioner.

No. 83–7068.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1983.

Decided April 10, 1984.

Marc Richman, Washington, D.C., for petitioners/cross-respondents.

William Tobey, Washington, D.C., for respondent/cross-petitioner.

Before ANDERSON and FLETCHER, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

This appeal presents the question whether the National Guard Bureau (the Bureau) can require that a contract between a state national guard and its civilian technicians' union expressly exclude from the scope of the contract's grievance procedures those matters covered by Section 709(e) of the National Guard Technicians Act. 32 U.S.C. § 709(e)[1] (relating to the discipline and dis-

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Section 709(e) states:
   (e) Notwithstanding any other provision of law and under regulations prescribed by the Secretary concerned—
   (1) a technician who is employed in a position in which National Guard membership is required as a condition of employment and who is separated from the National Guard or ceases to hold the military grade specified for his position by the Secretary concerned shall be promptly separated from his technician employ-

ment by the adjutant general of the jurisdiction concerned;
(2) a technician who is employed in a position in which National Guard membership is required as a condition of employment and who fails to meet the military security standards established by the Secretary concerned for a member of a reserve component of the armed force under his jurisdiction may be separated from his employment as a technician and concurrently discharged from the National Guard by the adjutant general of the jurisdiction concerned;
(3) a technician may, at any time, be separated from his technician employment for

charge of guard technicians). The Bureau and the Montana Air National Guard (the Guard) now seek review of the decision of the Federal Labor Relations Authority (the Authority) in which the Authority found that the Bureau could not require an express exclusion. We note jurisdiction under 5 U.S.C. § 7123(a) and (b), grant the petition for review, and set aside the Authority's decision and order.

## FACTS

The Bureau refused to approve a grievance provision in a contract negotiated by the Guard and the civilian technicians' union until the parties expressly excluded from the scope of the grievance procedures those matters covered by § 709(e). The contract provided a grievance procedure governing "[a]ny complaint by any employee concerning any matter relating to the employment of the employee." The Bureau refused to approve this provision since the § 709(e) matters of discipline and discharge of technicians were covered by the language of the grievance provision; § 709(e) gives the state adjutant general the authority to make the final determination in these matters, with no right of administrative appeal.

The Union appealed the Bureau's decision to the Authority. The Authority reversed the Bureau and ordered the Bureau to approve the agreement as written. The Authority based its decision on its interpretation of the Labor-Management Act,[2] which, the Authority asserts, does not require any express exclusions from the scope of negotiated grievance provision.

The Bureau and the Guard then filed this petition for review. The Authority cross-petitioned for enforcement of its order.

cause by the adjutant general of the jurisdiction concerned;

(4) a reduction in force, removal, or an adverse action involving discharge from technician employment, suspension, furlough without pay, or reduction in rank or compensation shall be accomplished by the adjutant general of the jurisdiction concerned;

(5) a right of appeal which may exist with respect to clause (1), (2), (3), or (4) shall not extend beyond the adjutant general of the jurisdiction concerned; ....

## DISCUSSION

We have recently held that the Guard does not have to bargain over whether § 709(e) matters are to be included within the scope of a grievance provision, since the section grants the state adjutant general the authority to make the final determination over these matters. *California National Guard v. Federal Labor Relations Authority*, 697 F.2d 874, 879 (9th Cir. 1983).[3] In *California National Guard*, we noted the importance Congress attached to the preservation of state control, and Congress' intention " 'to bring Guard technicians within the coverage of schemes such as the Labor-Management Act *only* with the provision that the state controls set out in section 709(e) would remain.' " (Emphasis added). *Id.* at 879–80 n. 2, *quoting New Jersey Air National Guard v. F.L.R.A.*, 677 F.2d 276, 284 (3d Cir.), *cert. denied*, 459 U.S. 988, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982). To ensure that Congress' intention is fully carried out, we now hold that the Bureau can require § 709(e) to be expressly excluded from the scope of a negotiated grievance provision.

The contractual provision at issue here states that the grievance procedures cover "[a]ny complaint by any employee concerning any matter relating to the employment of the employee." Without question, this provision attempts to include the § 709(e) matters. The provision is in all material respects identical to the language of the Union's proposal we found non-negotiable in *California National Guard*. Since the general language of the grievance provision does include the § 709(e) matters, the

2. Labor-Management Relations Chapter of the Civil Service Reform Act of 1978, 5 U.S.C. §§ 7101–7135 (Supp. IV 1980).

3. The authority recently adopted this position in two administrative decisions, *Association of Civilian Technicians, Pennsylvania State Council and Pennsylvania Army and Air National Guard*, 14 FLRA No. 6 (1984); and *Wisconsin Army National Guard and Association of Civilian Technicians*, 14 FLRA No. 11 (1984).

Bureau had the authority under § 709(e) to require an express exclusion.

The Authority raises several unconvincing arguments on appeal against the express exclusion. The Authority first argues that we must defer to its decision. No deference is required, however, since the basis of our decision is not the Labor-Management Act but § 709(e) of the National Guard Technicians Act. *See California National Guard,* 697 F.2d at 878–79. The Authority next argues that the Labor-Management Act does not require express exclusions. Section 709(e) is an exception to the Labor-Management Act. *California National Guard,* 697 F.2d at 879. Given the language of this particular grievance procedure, the Bureau's ruling is a rational means of ensuring exclusivity. The Authority finally argues that an express exclusion is unnecessary because the Guard could always contest the arbitrability of a § 709(e) matter if a technician attempted to take the matter to arbitration; the first duty of the arbitrator would be to determine whether the matter is arbitrable. The Authority additionally argues that if the arbitrator erroneously decides the matter arbitrable, the Guard could appeal the decision to the Authority, which could then reverse the finding. The Authority, however, fails to offer any justification for its scheme, even though it would result in needless delay and expense. The Authority simply has failed to offer any plausible argument against the Bureau's request that the contract expressly exclude § 709(e) matters from the scope of the grievance provisions.

We therefore find that the Authority erred when it found that the Bureau committed an unfair labor practice in requiring the express exclusion.

The petition for review is granted and the Authority's decision is set aside. The cross-petition for enforcement of the order is denied.